UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation, | Case No. 10-cv-1583 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | |
| DONALD DAVIES, individually, and DOES 1 through 20. | |
| Defendants. | |

Plaintiff Microsoft Corporation ("Microsoft") brings this action against DEFENDANTS

DONALD DAVIES, individually, and DOES 1 through 20 (each a "Defendant" and collectively,

"Defendants") and alleges as follows:

## I.     JURISDICTION AND VENUE

1.      This is a complaint for an injunction, damages and other appropriate relief to stop

Defendants from violating Microsoft's trademark and service mark rights by registering Internet

domain names that are identical or confusingly similar to Microsoft's trademark and service

marks, and by using those domain names in bad faith to profit from Microsoft's mark.  In this

action, Microsoft alleges:  (1) Violations of the Anti-Cybersquatting Consumer Protection Act,

15 U.S.C. § 1125(d); (2) False Designation of Origin, 15 U.S.C. § 1125(a); (3) Trademark

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

Dilution, 15 U.S.C. § 1125(c); (4) Unfair Business Practices, RCW § 19.86 *et seq.*; (5) Unfair Competition under Washington common law; and (6) Unjust Enrichment under Washington common law.

2.    This Court has subject matter jurisdiction over Microsoft's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3.    This Court has personal jurisdiction over Defendants, who have engaged in business activities in and directed to this district and have committed a tortious act within this district.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Microsoft's claims occurred in this judicial district.

## II.    THE PARTIES

5.    Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, WA.

6.    On information and belief, Defendant Donald Davies is an individual residing at 45 Saddlebow Road, Bell Canyon, California.  On further information and belief, Donald Davies registered, used, owns or co-owns the Infringing Domain Names (*see infra*, Paragraph 20).

7.    Microsoft is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 20, but alleges on information and belief that each of them is in some way responsible for the wrongs alleged herein.  Microsoft will amend this complaint to plead their true names and capacities when ascertained.

8.    Microsoft is informed and believes, and thereupon alleges, that each of the Defendants is, and at all times mentioned herein was, the agent of each of the other Defendants in that at all time herein mentioned each of the Defendants was authorized and empowered by each of the other Defendants to act, and did act, as the principal or agent of each of the other Defendants.  Microsoft further alleges that each and every allegation regarding Defendants contained herein was done by each Defendant in the course and scope of said agency and in the capacity of and as principal or agent for, each of the other Defendants and with the permission

and consent of each co-Defendant.

### III.   MICROSOFT'S BUSINESS AND TRADEMARKS

9.      Microsoft is a world leader in the development of software and related products for a wide variety of personal, business, government, and academic uses.  Microsoft offers a broad range of products and services, including, but not limited to, its Bing Internet-search business.

10.     Microsoft owns a number of trademarks and service marks that it uses to identify its products and services in the marketplace.  Among the marks owned by Microsoft is the mark BING (the "Bing mark").

11.     Since May of 2009, Microsoft has used the Bing mark in commerce to promote its Internet-search business, including a visual/graphics search component.

12.     On March 2, 2009, Microsoft filed applications to register the Bing mark with the United States Patent and Trademark Office (the "USPTO").  On August 31, 2010, the USPTO issued a Notice of Allowance to Microsoft for the Bing mark with the Serial Number 77-681,512 for providing a web site and web site links to geographic information, map images, and trip routing.  *See* Exhibit 1.  Microsoft has also sought trademark registration for the Bing name with other governmental trademark authorities worldwide.

13.     On May 28, 2009, Microsoft implemented the <bing.com> search engine under the Bing mark.  Microsoft owns the <bing.com> domain name, which Microsoft uses to provide its search engine services.  Microsoft received worldwide press coverage of the launch of the BING search engine.  *See* Exhibit 2.

14.     The Bing mark is a famous mark, broadly recognized as a brand identifier for Microsoft's services provided under that mark.  Since its launch, <bing.com> has consistently been one of the 30 most visited web sites in the world, according to statistics provided by Alexa.com. *See* Exhibit 3.  In August, 2010, Microsoft's Bing passed Yahoo to become the second most popular search engine in the United States, according to the latest data from the Nielsen Company.  *See* Exhibit 4.  Further, Bing, MSN, and WindowsLive together constitute

the fourth most popular United States online video brand. *See id.*

15.     The Bing mark, as well as others owned by Microsoft, is used in interstate commerce by Microsoft in connection with the sale, offering for sale, distribution, and advertising of Microsoft's products and services.  The Bing mark is distinctive and famous and was distinctive and famous at the time of all acts alleged herein.  As a result of Microsoft's investment in developing world-class products and services and promoting those products and services under the Bing mark, the Bing mark has developed extensive goodwill in the market. Accordingly, the Bing mark is extremely valuable and important to Microsoft.

### IV.     MICROSOFT'S INTERNET PRESENCE

16.     Microsoft also maintains a substantial presence on the Internet.  Via the Internet, Microsoft advertises its products and services, transacts business with its customers, offers its customers access to many of its services, and provides product support, among other things.

17.     In order to provide its customers with easy access to its online products and services, Microsoft has registered a number of Internet domain names.  Many of these domain names correspond to Microsoft's trademarks and service marks.  One example of such a domain name is <bing.com>.

18.     The <bing.com> domain name resolves to a Microsoft-created website that provides Microsoft's customers with the opportunity to search the internet using Microsoft's Bing search engine.  The website at <bing.com> generates business and goodwill for Microsoft, and allows Microsoft to create, develop, and maintain relationships with its customers.

### V.     REGISTRATIONS SURROUNDING THE BING LAUNCH

19.     In the days and months following the launch of Bing, unusually large numbers of domains were registered including "BING."  The chart below displays the number of domains registered in each month from January of 2004 through April of 2010.  The large increase in registrations starting in May and June of 2009 corresponds to Microsoft's marketing campaign in support of the launch of its Bing search engine.

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15  **DEFENDANTS' UNLAWFUL ACTIONS**

16      20.     Defendants are or have been the owners, registrants and/or users of many Internet
17  domain names that contain or consist of the Bing mark (the "Infringing Domain Names").  A
18  representative, though not necessarily exhaustive, list of 21 of Defendants' Infringing Domain
19  Names is attached hereto as Appendix A.

20      21.     The Infringing Domain Names are identical or confusingly similar to the Bing
21  mark.  The Infringing Domain Names do not resolve to websites owned or endorsed by
22  Microsoft.  The majority of the Infringing websites display or displayed a parked page with a list
23  of targeted advertisements under the heading "Sponsored Listings" as well as an assortment of
24  other advertising material.

25      22.     Some of the Infringing websites have displayed advertisements that appear based
26  on the content of the domain and are of an adult-oriented nature.  For example,
27  <bingporntube.com> and <bingsextube.com> both display adult-oriented material and

28

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

advertisements.  *See* Exhibits 5, 6.  Microsoft is not affiliated with <bingporntube.com> and <bingsextube.com> in any way.  On information and belief, Microsoft is being damaged by the likely association of the material on those websites with the Bing mark.

23.     Defendants use the Infringing Domain Names with an intent to profit from the Bing mark.  For example, on information and belief, Defendants obtain revenue from users who are directed to the parked pages that appear on many of the Infringing Domains.

24.     Defendants are not affiliated with or sponsored by Microsoft and have not been authorized by Microsoft to use the Bing mark.  Defendants are not now, nor have they ever been authorized by Microsoft to use or register any name or mark that includes the Bing mark.

25.     Defendants' registration, trafficking, and/or use of the Infringing Domain Names are primarily to capitalize on the goodwill associated with the Bing mark.

## FIRST CLAIM FOR RELIEF
**(Cybersquatting Under the Anti-Cybersquatting Consumer Protection Act –
15 U.S.C. § 1125(d))**

26.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 25 above.

27.     The Bing mark was distinctive at the time Defendants registered the Infringing Domain Names and remains distinctive today.

28.     The Bing mark was famous at the time Defendants registered the Infringing Domain Names and remains famous today.

29.     The Infringing Domain Names are identical to, confusingly similar to, or dilutive of the Bing mark.

30.     Defendants have registered, trafficked in, and/or used the Infringing Domain Names with bad-faith intent to profit from the Bing mark.

31.     As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF

- 6 -

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

### SECOND CLAIM FOR RELIEF
**(False Designation of Origin Under the Lanham Act – 15 U.S.C. § 1125(a))**

32.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 31 above.

33.     Defendants' use of the Bing mark in connection with goods or services in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Microsoft, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with Microsoft.

34.     As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of 15 U.S.C. § 1125(a).

### THIRD CLAIM FOR RELIEF
**(Dilution Under the Lanham Act – 15 U.S.C. § 1125(c))**

35.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34 above.

36.     Defendants' use of the Bing mark in commerce commenced after such mark became famous within the meaning of 15 U.S.C. § 1125(c).

37.     Defendants' use of the Bing mark in commerce is likely to cause dilution by blurring or dilution by tarnishment of the Bing mark.

38.     Upon information and belief, Defendants willfully intended to trade on the recognition of the Bing mark.

39.     Upon information and belief, Defendants willfully intended to harm the reputation of the Bing mark.

40.     As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of 15 U.S.C. § 1125(c).

### FOURTH CLAIM FOR RELIEF
**(Unfair Business Practices - RCW § 19.86 *et seq.*)**

41.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 40 above.

42.   Defendants' use of the Bing mark to promote, market, or sell products and services constitutes an unfair business practice pursuant to RCW § 19.86 *et seq.*  Defendants' use of the Bing mark is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Microsoft.

43.   Defendants' actions violate RCW  § 19.86 *et seq.*

### FIFTH CLAIM FOR RELIEF
**(Washington Common Law Unfair Competition)**

44.   Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 43 above.

45.   Defendants' use of the Bing mark has infringed on its distinctive features in a manner that tends to confuse, in the public mind, Microsoft's products and/or advertising with the products and/or advertising of others.

46.   The acts of Defendants complained of herein constitute unfair competition in violation of Washington common law.

### SIXTH CLAIM FOR RELIEF
**(Washington Common Law Unjust Enrichment)**

47.   Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46 above.

48.   The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Microsoft's expense in violation of Washington common law.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendants as follows:

1.   That the Court issue temporary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

- 8 -

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

a)  infringing Microsoft's trademarks and service marks;

b)  using Microsoft's trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Microsoft;

c)  registering, using, or trafficking in any domain names that are identical or confusingly similar to Microsoft's marks, including but not limited to domain names containing Microsoft's marks and domain names containing misspellings of Microsoft's marks; and

d)  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a) through c) above.

2.  That the Court order the forfeiture or cancellation of the Infringing Domain Names or the transfer of the Infringing Domain Names to Microsoft;

3.  That the Court award Microsoft all damages caused by Defendants' unlawful acts;

4.  That the Court award Microsoft treble damages as provided by law;

5.  That the Court award Microsoft all gains, profits, and advantages derived by Defendants from their unlawful acts;

6.  That the Court award Microsoft treble the gains, profits, and advantages derived by Defendants from their unlawful acts;

7.  That the Court award Microsoft statutory damages of $100,000 for each Infringing Domain Name;

8.  That the Court award Microsoft its attorneys' fees and costs incurred herein, including prejudgment and post-judgment interest; and

9.  That the Court grant Microsoft all other relief to which it is entitled and such other or additional relief as is just and proper.

/ / /

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

- 9 -

## DEMAND FOR JURY TRIAL

Plaintiff Microsoft hereby demands a trial by jury in this action.

| Dated: October 1, 2010 | Respectfully submitted, Orrick, Herrington & Sutcliffe LLP |
|---|---|
|  | By: _____ /s/ Mark Parris_____ |
|  | Mark Parris (Bar No. 13870) |
|  | mparris@orrick.com |
|  | Jeffrey Cox (Bar No. 37534) |
|  | jcox@orrick.com |
|  | 701 Fifth Avenue, Suite 5600 |
|  | Seattle, Washington  98104 |
|  | Tel (206)839-4300 |
|  | Fax (206)839-4301 |
|  | *Attorneys for Plaintiff* MICROSOFT CORPORATION |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

**Appendix A – Defendants' Infringing Domain Names**

1.  aolbing.com
2.  aolbing.info
3.  aolbing.net
4.  aolbing.org
5.  bingcasinos.com
6.  bingconcerts.com
7.  bingporntube.com
8.  bing-search.com
9.  bing-search.info
10. bing-search.net
11. bing-search.org
12. bing-search.us
13. bingsextube.com
14. bingstore.net
15. bingtubeblog.com
16. bingtubenow.com
17. bingtubeonline.com
18. bingtubeshop.com
19. bingtubesite.com
20. bingtubestore.com
21. bingtubetoday.com

OHS West:260987336.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300